UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REX ALLEN UMNEY,

     Plaintiff,

v.

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
et al.,

     Defendants.

Case No. 26-cv-11610

Honorable Robert J. White

---

**OPINION AND ORDER GRANTING PLAINTIFF'S AMENDED
APPLICATION TO PROCEED IN FORMA PAUPERIS AND
DISMISSING THE COMPLAINT**

---

Rex Allen Umney commenced this 42 U.S.C. § 1983 action against Michigan's Department of Health and Human Services, the agency's director, Elizabeth Hertel, and three individual agency employees.  Before the Court is his *pro se* amended application to proceed *in forma pauperis*. (ECF No. 7).  For the following reasons, the Court will (1) grant the amended application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Umney asserts that defendants violated his Fourteenth Amendment right to procedural due process when they terminated his Medicaid benefits without notice and a hearing. His claim fails as a matter of law.

*First*, the portion of the due process claim asserted against the Michigan Department of Health and Human Services must be dismissed because it is a state agency that is immune from suit under the Eleventh Amendment to the United States

2

Constitution. *See Harnden v. State Dep't of Human & Health Servs.*, No. 17-2022, 2018 U.S. App. LEXIS 5649, at *3-4 (6th Cir. Mar. 5, 2018) (affirming dismissal of a lawsuit against the Michigan Department of Health and Human Services based upon Eleventh Amendment immunity).

*Second*, the portion of the due process claim asserted against Director Hertel and the individual agency employees cannot either proceed because Umney has not plausibly alleged that the state remedies available for challenging the termination of his Medicaid benefits are inadequate. *See Reed v. Goertz*, 598 U.S. 230, 236 (2023); *see also Halasz v. Cass City Pub. Schs.*, 162 F.4th 724, 735 (6th Cir. 2025). Umney may still challenge the Medicaid termination in Michigan's Office of Administrative Hearings and Rules. *See* Mich. Comp. Laws § 400.9(1); *see also* Mich. Comp. Laws §§ 24.271-88, 24.301-06; *Wiesner v. Washtenaw Cnty. Cmty. Mental Health*, 340 Mich. App. 572, 581 (2022). And he may appeal to the appropriate county circuit court if he remains dissatisfied with the outcome. *See* Mich Comp. Laws § 24.303(1). Accordingly,

IT IS ORDERED that Umney's amended application for leave to proceed *in forma pauperis* (ECF No. 7) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Umney may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that Umney's motions to proceed *in forma pauperis* and for an emergency preliminary injunction (ECF Nos. 2, 5) are denied as moot.

Dated: June 5, 2026                    s/ Robert J. White
                                       Robert J. White
                                       United States District Judge